UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID JONES and
KAREN JONES,

                    Plaintiffs,

v.

ANIELLO'S OF CORNING, INC. a/k/a
ANIELLO'S PIZZERIA.

                      Defendant.

**COMPLAINT**

Civ. No._____

---

Plaintiffs, by and through their attorneys Welch, Donlon, & Czarples, PLLC, bring this Complaint against the Defendant, and allege as follows:

### I.    PARTIES, JURISDICTION, AND VENUE

1. Plaintiffs, David and Karen Jones, are both citizens and residents of South Daytona, State of Florida.

2. Plaintiffs were a married couple at the time of the events alleged herein and continued to be married at present.

3. Defendant Aniello's of Corning, Inc. a/k/a Aniello's Pizzeria (hereinafter "Aniello's") is a domestic business corporation with its headquarters and retail pizzeria location at 68 East Market Street in Corning, New York.

4. This is a fall on property action which occurred in Corning, New York at Aniello's retail location which is open for business to the public.

5. Aniello's primary place of business is New York State.

6. Plaintiffs have suffered more than $75,000 in damages.

## II. SUMMARY OF THE FACTS

7. On or about September 25, 2018, Plaintiff David Jones was entering the Defendant's pizzeria with the intention of purchasing items from Defendant's pizzeria when he suffered a fall on a rolled-up carpet on the Aniello's premises.

8. Upon information and belief, Defendant's agents, servants and/or employees had rolled up said carpet and used the same to prop open the front doors to the pizzeria.

9. The aforementioned rolled-up carpets presented a fall hazard to passersby and invitees of the pizzeria.

10. Said carpets were partially concealed from invitees' view by the brick wall in front of the pizzeria, creating a visual trap defect that contributed to Plaintiff's trip and fall on the rolled-up carpet.

11. Due to the fact that the premises were not reasonably safe, Plaintiff was caused to suffer severe, painful and permanent injuries, including, amongst other injuries, a head contusion and a right knee injury necessitating multiple surgeries including a right knee replacement.

12. Upon information and belief, said injuries are permanent and will last until the end of Plaintiff's life.

13. By reason of the above injuries, Plaintiff has suffered medical expense and will continue to need casually related treatment in the future along with such expense. Other economic loss is expected as well.

14. That Plaintiff has suffered scarring and disfigurement as a result of his surgeries described above.

15. Plaintiff continues to be sick, sore, lame, and disabled as a result of his injuries which are objectively verified, significant, permanent in nature and which regularly affect Plaintiff's routine activities of daily living.

16. That the fall and injuries sustained by the Plaintiff resulted solely from the negligence of the Defendant and its agents, servants and/or employees and without any negligence of the Plaintiff contributing thereto.

17. That Defendant is liable for the negligent acts/omissions of its agents, servants and/or employees as described herein via respondeat superior and other theories of vicarious liability since said agents, servants and/or employees were under the control and direction of the Defendant at the time of the events alleged herein.

### III.   COUNT I: NEGLIGENCE

18. At all times hereinafter mentioned, Plaintiffs, repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs of this Complaint, as though more fully set forth herein at length.

19. Defendant was the sole owner, operator, and landlord of the premises located at 68 East Market Street in Corning, New York, and used the same as a pizzeria that was open to all members of the public.

20. That as owner, Defendant had a non-delegable duty to keep said store and entrance free of defects which could cause injury to the public and to provide a safe means of ingress and egress to its customers and breached said duty to the Plaintiff herein.

21. Defendant further had a duty to train/supervise/implement procedures requiring its agents, servants and/or employees to ensure that carpets/mats were flush

with ground/floor to prevent tripping hazards and failed in said duty causing injury to the Plaintiff.

22. The Defendant created said fall hazard/defect by negligently rolling up carpets and improperly using them to prop open the front doors to the restaurant.

23. The Defendant could have used a proper door stop, door holder, or wedge to safely prop the door open but negligently chose a rolled-up carpet that was partially concealed by the brick wall instead, negligently creating a visual trap and fall hazard.

24. The Defendant negligently failed to warn invitees and passersby of the rolled-up carpet.

25. The Defendant had actual and/or constructive notice of the defect by way of its agents, servants and/or employees who observed or should have observed the hazardous condition.

26. That the negligence of the Defendant and the resulting fall was the proximate cause of Plaintiff's serious and disabling injuries.

27. That by reason of the aforesaid negligence causing Plaintiff's resulting fall, Plaintiff was rendered sick, sore, lame, and disabled and his injuries, upon information and belief, are of a permanent nature, that he has been obliged to incur expense and obligations for medical care, attention and treatment and continuous pain and suffering, all to his damage in a monetary sum that will be determined at trial.

### IV. COUNT II: DERIVATIVE SPOUSAL CLAIM

28. At all times hereinafter mentioned, Plaintiffs, repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs of this Complaint, as though more fully set forth herein at length.

29. That the Plaintiff, Karen Jones, was married to the Plaintiff, David Jones, at the time of the fall alleged above and continues to be married to the said Plaintiff.

30. That as a result of said accident and injury to the Plaintiff, David Jones, the Plaintiff, Karen Jones, has lost the society, love, services, and companionship of her spouse.

31. That by reason of the aforesaid negligence causing Plaintiff's resulting fall, Plaintiff Karen Jones has been damaged in an amount to be determined at a trial of this matter.

### V. PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for judgment against the Defendant as follows:

(a) Awarding compensatory damages in a sum exceeding $75,000 in amount.

(b) Awarding the costs and expenses of this litigation to Plaintiff.

(c) Granting all such other relief as the Court deems necessary, just, and proper.

## VI. DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Dated: December 9, 2020        WELCH, DONLON & CZARPLES PLLC

                                  By: _____
Anna Czarples, Esq.
*Attorney for Plaintiffs*
8 Denison Parkway E, Suite 203
Corning, New York 14830
Phone: 607-936-8057
Email: anna@wdcinjurylaw.com